IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SOUTH MIDDLETON TOWNSHIP** | : | Civil No. 1:17-CV-0269 |
| **Plaintiff,** | : | |
| v. | : | |
| **AMERIFREIGHT SYSTEMS LLC** and **MOHAMED WARSAME** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

In this civil action invoking federal jurisdiction under 28 U.S.C. § 1332, South Middleton Township brings negligence claims against Amerifreight Systems LLC and Mohamed Warsame for damaging a historic concrete bridge. Presently before the court are two motions for partial summary judgment, and a motion for sanctions. For the reasons stated herein, Defendants' motion for partial summary judgment to preclude attorney's fees will be granted; Defendants' motion for partial summary judgment as to Plaintiff's expert fees will be deemed moot; and Plaintiff's motion for sanctions will be denied without prejudice.

### I. Background

In considering the instant motions, the court relied on the uncontested facts, or where the facts were disputed, viewed the facts and deduced all reasonable inferences therefrom in the light most favorable to the nonmoving party.

### A. **Facts**[1]

Plaintiff South Middleton Township is a Second Class Township under the laws of the Commonwealth of Pennsylvania. (Compl., Doc. 1-4, ¶ 1.) Amerifreight Systems LLC ("Amerifreight") is a licensed interstate motor carrier authorized to conduct business in the Commonwealth of Pennsylvania, and employed Mohamed Warsame ("Warsame") (collectively "Defendants") as a truck driver. (Doc. 16, ¶ 7.) Plaintiff alleges that on August 25, 2014, Warsame, while operating a tractor-trailer for Amerifreight, attempted to cross the one-lane, historic, concrete Bonneybrook Bridge from the two-lane Bonneybrook Road in South Middleton Township. (Compl., ¶¶ 5, 7-9, 11.) However, the tractor trailer "hit and goug[ed] multiple section of the parapet walls of the bridge causing damage to the bridge walls and further damaged the road surface of the bridge." (*Id.* ¶¶ 12-13.) At that point, the tractor-trailer was stuck, and the Pennsylvania State Police and a tow truck service were needed to remove the tractor trailer from the Bonneybrook

---

[1] Defendants' statement of facts mostly sets forth allegations from Plaintiff's complaint, specifically citing paragraphs from the complaint, the procedural posture of the case, and legal conclusions. (Doc. 16.) Likewise, Plaintiff's counter-statement of facts recounts the allegations pled in the complaint, and details information that is not supported by the summary judgment record. (Doc. 45.) For these reasons, the facts are drawn from the allegations contained in the complaint and, where possible, supplemented with facts supported by the record.

Furthermore, the court will not address Defendants' contention that their statement of facts must be deemed admitted because Plaintiff violated the Local Rules by failing to file a counter-statement of facts within the appropriate time period. (Doc. 49, p. 6 of 10.) Both parties have been frequent offenders of this court's Local Rules by failing to docket filings properly and utilize the appropriate font size. Additionally, this court's preference is to address a motion on its merits, rather than a technical violation, thus, Defendants' statement of material facts (Doc. 16) is not deemed admitted.

Bridge. (*Id.* ¶ 13.) Plaintiff avers that Warsame ignored signs advising that tractor-trailers are prohibited from crossing the bridge. (*Id.* ¶ 10.) As a result of the damage to the Bonneybrook Bridge, Plaintiff pleads one count of negligence against each Defendant. (*Id.* ¶¶ 15-19.)

During discovery, Defendants requested information regarding the claims and damages alleged by Plaintiff. (Doc. 16-2, p. 7 of 15.) Besides repairs to Bonneybrook Bridge, Plaintiff listed attorney and expert fees as damages. (Doc. 16-3, pp. 6-11 of 11.)

### B. Procedural History

Plaintiff initiated this action on June 28, 2016, by filing a writ in the Court of Common Pleas of Cumberland County. (Doc. 1, ¶ 1.) Following the submission of Plaintiff's complaint, Defendants removed the action to this court on February 14, 2017. (Doc. 1.) Plaintiff subsequently motioned to remand the matter back to the Court of Common Pleas of Cumberland County, which the court denied on March 20, 2017. (Docs. 2-7.) After the close of discovery, Plaintiff filed a motion to preclude any experts presented by Defendants as they failed to identify an expert or provide an expert report by the close of the expert discovery deadline. (Doc. 14.) The motion noted, in accordance with Local Rule 26.3, that Defendants did not oppose the motion. (Doc. 14-1.) As such, the court granted Plaintiff's motion on February 12, 2018. (Doc. 15.)

On February 16, 2018, Defendants filed a motion for partial summary judgment to preclude the recovery or award of attorney's fees and a motion for partial summary judgment as to Plaintiff's expert fees. (Docs. 16-17.) Plaintiff subsequently filed a motion for sanctions against Defendants and their counsel on March 8, 2018. (Doc. 28.) All three motions have been fully briefed and are ripe for disposition.[2]

As to Defendants' motion for partial summary judgment as to Plaintiff's expert fees (Doc. 19), Plaintiff has withdrawn its claim for expert fees (Doc. 29). Therefore, Defendants' motion for partial summary judgment is moot.

## II. Legal Standard

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient

---

[2] Defendants also filed a motion to preclude Plaintiff's expert (Doc. 16), and Plaintiff filed a motion *in limine* (Doc. 42). Both motions will be addressed by the court separately from this memorandum and accompanying order.

evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.*

When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The moving party bears the initial burden of demonstrating the absence of a disputed issued of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.

### III. <u>Discussion</u>

Plaintiff's motion for sanctions (Doc. 28) and Defendants' motion to preclude attorney's fees (Doc. 16) discuss the same issues, thus, these motions will be addressed together.

In their motion for partial summary judgment, Defendants assert that the "American Rule" precludes Plaintiff from recovering attorney's fees. (Doc. 18, pp.

7-8 of 11.) The American Rule provides that the "parties to litigation are responsible for their own counsel fees, 'unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception.'" *Mrozek v. Eiter*, 805 A.2d 535, 538 (Pa. Super. Ct. 2002) (quoting *Hart v. O'Malley*, 781 A.2d 1211, 1216 (Pa. Super. Ct. 2001). Pennsylvania courts have routinely applied the American Rule in negligence cases. *Lewis v. Delp Family Powder Coatings, Inc.*, No. 08-cv-1365, 2011 WL 1230207, *4 (W.D. Pa. Mar. 31, 2011) (citations omitted); *Hensley v. Duvall*, 2017 WL 1372759, *5 (Pa. Super. Ct. Apr. 13, 2017) (citations omitted).

Defendants submit that the parties have not executed an agreement permitting the recovery of attorney's fees, nor has Plaintiff provided any such agreement. (Doc. 18, pp. 8-9 of 11.) As to express statutory authorization, Plaintiff has not pled any statutory claims permitting the recovery of attorney's fees, such as a claim pursuant to 42 Pa. Cons. Stat. § 2503, which allows recovery when sanctions are appropriate. (*Id.* at 9-10 of 11.) While Plaintiff concedes that there is no applicable agreement in this case, Plaintiff argues that fees and sanctions are appropriate under Section 2503, as well as Federal Rule of Civil Procedure 11(b)

and (c), given Defendants' actions and inactions in this matter.[3] (*See* Doc. 27 & 28-1.)

Plaintiff argues that Defendants have no evidence to dispute liability, yet continue in bad faith to do so, thereby forcing Plaintiff to incur unnecessary costs and increasing attorney's fees for all parties. (Doc. 27, pp. 4-9 of 10; Doc. 28-1, pp. 4-9 of 10.) Specifically, defense counsel has not produced Warsame for a deposition advising Plaintiff that Warsame is no longer employed by Amerifreight and his whereabouts are unknown. (Doc. 27, pp. 4-5 of 10; Doc. 28-1, pp. 4-5 of 10.) Because Warsame has not been deposed, Plaintiff posits that Defendants cannot contest liability by claiming Warsame did not see signs prohibiting tractor-trailers from traversing Bonneybrook Bridge or that the signage was insufficient. (Doc. 27, p. 5 of 10; Doc. 28-1, p. 5 of 10.) Additionally, Defendants have not presented any expert witnesses, and are precluded from doing so by court order. (Doc. 15; Doc. 27, pp. 7-9 of 10; Doc. 28-1, pp. 7-9 of 10.)

Both Rule 11 and Section 2503 are sanctions provisions to be used when counsel or a party have acted in bad faith, or conducted themselves in a "dilatory, obdurate or vexatious" manner during litigation. *See Lewis*, 2011 WL 1230207 at *4; 42 Pa. Cons. Stat. § 2503. A party can act "vexatiously" if "he filed suit without sufficient grounds in either law or in fact and if the suit served the sole

---

[3] Because Plaintiff sets forth identical arguments in both briefs, the court will address Plaintiff's arguments against summary judgment and for sanctions simultaneously.

7

purpose of causing annoyance," while bad faith conduct is motivated by "fraud, dishonesty, or corruption." *Tax Matrix Techs., LLC v. Wegmans Food Markets, Inc.*, 154 F. Supp. 3d 157, 187 n.8 (E.D. Pa. 2016) (quoting *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996)). A party's disapproval of the opposing party's actions is insufficient to support a claim for attorney's fees or sanctions. *Id.* (citing *Mosaica Acad. Charter Sch. v. Dep't of Educ.*, 813 A.2d 813, 824-25 (Pa. 2002)). Furthermore, the conduct justifying an award of fees must pertain to the litigation before the court, and not pre-litigation conduct.[4] *Id.*

The court recognizes Plaintiff's frustration with regards to Defendants and defense counsel's actions, however, there is insufficient evidence at this point to award attorney's fees or sanctions under Rule 11 or Section 2503. Defendants could, in theory, present evidence and arguments in support of their position on liability that do not require Warsame's deposition or an expert. Accordingly, Plaintiff has failed to provide any basis under the American Rule, agreement of the parties, or statute for an award of attorney's fees, thus, the court will grant Defendants' motion for partial summary judgment. For these same reasons, the court will deny Plaintiff's motion for sanctions without prejudice to renew at a later date if appropriate.

---

[4] In Plaintiff's counter-statement of facts (Doc. 45), Plaintiff sets forth allegations regarding conduct on behalf of the Defendants that occurred prior to the filing of the writ in the Court of Common Pleas of Cumberland County. As this is pre-litigation conduct, the court will not consider these allegations in determining the award of attorney's fees or sanctions.

## IV. Conclusion

For the reasons state herein, the court will grant Defendants' motion for partial summary judgment to preclude the recovery or award of attorney's fees, deem moot Defendants' motion for partial summary as to expert fees, and deny Plaintiff's motion for sanctions without prejudice. An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: September 4, 2018